# EXHIBIT A

[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER

1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10               WESTERN DIVISION

11

12   IGOR SHVAGER, individually and on        Case No.  CV12-10180 MMM-PJW
     behalf of all others similarly situated,
13                                             **[PROPOSED] PRELIMINARY APPROVAL**
                    Plaintiff,                 **AND PROVISIONAL CLASS**
14                                             **CERTIFICATION ORDER**
            v.
15
     VIASAT, INC. & VIASAT
16   COMMUNICATIONS, INC.,

17               Defendants.

18

19

20          On October 21, 2013, this Court heard plaintiff Igor Shvager's unopposed motion for

21   preliminary approval of class settlement and provisional class certification under Rule 23(e) of

22   the Federal Rules of Civil Procedure.  This Court reviewed the motion, including the Settlement

23   Agreement and Release ("Agreement").  Based on this review and the findings below, the Court

24   found good cause to grant the motion.

25   **FINDINGS:**

26        **1.**      Unless  otherwise  specified,  defined  terms  in  this  Preliminary  Approval  and

27   Provisional Class Certification Order have the same definition as the terms in the Agreement;

28

                                    1.

1    **2.**     The Agreement was the product of serious, informed, non-collusive negotiations,

2   has no obvious deficiencies, does not improperly grant preferential treatment to the proposed

3   representatives of the Class or segments of the Class, and is within the range of reasonableness;

4    **3.**     The Full Notice, Direct Notice, Publication Notice and E-Mail Notice comply with

5   due process because the notices and forms are reasonably calculated to adequately apprise class

6   members of (i) the pending lawsuit, (ii) the proposed Settlement, and (iii) their rights, including

7   the right to either participate in the Settlement, exclude themselves from the Settlement or object

8   to the Settlement;

9    **4.**     The Class is so numerous that joinder of all Class Members is impracticable;

10    **5.**     For purposes of settlement, Plaintiff's claims are typical of the Class's claims;

11    **6.**     For purposes of settlement, there are questions of law and fact common to the

12   Class, which predominate over any questions affecting only individual Class Members; and

13    **7.**     For purposes of settlement, class certification is superior to other available

14   methods for the fair and efficient adjudication of the controversy

15    **8.**     ViaSat filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28

16   U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

17   **IT IS ORDERED THAT:**

18    **1.     Settlement Approval**.  The Agreement, including the Full Notice, Direct Notice

19   Publication Notice and E-Mail Notice attached to the Agreement as Exhibits B-E are

20   preliminarily approved.

21    **2.     Provision of Class Notice**.    Defendants ViaSat, Inc. and ViaSat

22   Communications, Inc. ("ViaSat" or "Defendants") will notify Class Members of the Settlement

23   in the manner specified under paragraph 3.3 of the Agreement and will pay all costs associated

24   with claims administration and providing notice to class members.  No later than seven (7)

25   calendar days before the filing date for Plaintiff's motion in support of the Final Order and

26   Judgment, ViaSat will provide Plaintiff with a declaration or declarations confirming that the

27   notice has been provided in accordance with paragraph 3.4 of the Agreement.

28

1       **3.**      **Claim of Eligibility**.  If any Class Member *does not* receive the Direct Notice or

2    Email Notice as described in paragraph 3.3 of the Agreement, but nonetheless believes that he or

3    she is a Class Member, that person may send a letter or email to the Settlement Administrator

4    which includes: (a) the name of the Action, "*Shvager v. ViaSat, Inc. et al.*"; (b) the full name and

5    address of the Class Member; (c) the relevant current and/or past telephone number from which

6    the Class Member participated in one or more inbound and/or outbound telephone calls with

7    employees, agents, or representatives of Defendants (d) a statement that he or she believes

8    they are a Class Member as defined in paragraph 1.1 of the Agreement.  To be entitled to receive

9    a Payment, Class Members must submit this letter or email to the Settlement Administrator, per

10   the methods described in paragraph 3.5 of the Agreement, no later than sixty (60) calendar days

11   after the deadline to provide notice under paragraph 3.3 of this Agreement.

12      **4.**      **Objection to Settlement**.  Class Members who have not submitted a timely

13   written exclusion request pursuant to paragraph 6 below and who want to object to the Agreement

14   must deliver to Class Counsel and ViaSat's Counsel, and file with the Court, a written objection

15   no later than sixty (60) calendar days after the deadline to provide notice under paragraph 3.3 of

16   the Agreement.  The delivery date is deemed to be the date the objection is deposited in the U.S.

17   Mail as evidenced by the postmark.  Written objections must include: (a) the name of the Action,

18   "*Shvager v. ViaSat, Inc. et al.*"; (b) the full name, address and telephone number of the person

19   objecting; (c) a statement of each objection; (d) a written brief detailing the specific reasons, if

20   any, for each objection, including any legal and factual support the objector wishes to bring to the

21   Court's attention and any evidence the objector wishes to introduce in support of the objection(s);

22   and (f) the objector's signature under penalty of perjury.  Any Class Member who files and serves

23   a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in

24   person or through personal counsel hired at the Class Member's expense, to object to the

25   Agreement.  However, Class Members, or their attorneys, intending to make an appearance at the

26   Fairness Hearing, must also deliver to Class Counsel and ViaSat's Counsel, and file with the

27   Court, a Notice of Intention to Appear no later than sixty (60) calendar days after the deadline to

28   provide notice under paragraph 3.3 of this Agreement.  Only Class Members who file and serve

3.

1    timely Notices of Intention to Appear may speak at the Fairness Hearing.

2        **5.      Failure to Object to Settlement.**   Class Members who fail to object to the

3    Agreement in the manner specified above will: (1) be deemed to have waived their right to object

4    to the Agreement; (2) be foreclosed from objecting (whether by a subsequent objection,

5    intervention, appeal, or any other process) to the Agreement; and (3) not be entitled to speak at

6    the Fairness Hearing.

7        **6.      Requesting Exclusion**.   Class Members who want to be excluded from the

8    settlement must send a letter or postcard to the Settlement Administrator stating: (a) the name of

9    the Action, "*Shvager v. ViaSat, Inc. et al.*"; (b) the full name, address and telephone number of

10   the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the

11   Settlement, postmarked no later than sixty (60) calendar days after Notice is provided under

12   paragraph 3.3 of this Agreement.  Defendants are to provide the Parties a list of Class members

13   who have timely and validly excluded themselves from the Class no later than seven (7) calendar

14   days before the filing date for Plaintiff's motion in support of the Final Approval Order and

15   Judgment.

16       **7.      Provisional Certification**.   The Class is provisionally certified as a class of all

17   California residents (1) who are not customers of Defendants and bound to an arbitration clause

18   with Defendants, (2) who participated in one or more inbound and/or outbound telephone calls

19   with employees, agents, or representatives of Defendants between July 1, 2012 and [the date of

20   entry of the Preliminary Approval Order], (3) whose calls were recorded and/or monitored by

21   Defendants, and (4) who did not receive a disclosure at the outset of the call that the telephone

22   call would be recorded and/or monitored.

23       **8.      Appointment of Class Representative and Class Counsel**.   Plaintiff Igor

24   Shvager is conditionally certified as the class representative to implement the Parties' Settlement

25   in accordance with the Agreement.  The Law Offices of Zev B. Zysman, APC is appointed as

26   Class Counsel.  Plaintiff and Class Counsel must fairly and adequately protect the Class's

27   interests.

28

4.

1    **9.    Termination**.   If the Agreement terminates for any reason, the following will

2    occur:  (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as

3    Class representative; and (c) this Action will revert to its previous status in all respects as it

4    existed immediately before the Parties executed the Agreement.   This Order will not waive or

5    otherwise impact the Parties' rights or arguments.

6    **10.    No Admissions.**  Nothing in this Order is, or may be construed as, an admission or

7    concession on any point of fact or law by or against any Party.

8    **11.    Stay of Dates and Deadlines.**   All discovery and pretrial proceedings and

9    deadlines, are stayed and suspended until further notice from the Court, except for such actions as

10   are necessary to implement the Agreement and this Order.

11   **12.    CAFA Notice.**   The Court finds that ViaSat has complied with 28 U.S.C. §

12   1715(b).

13   **13.    Fairness Hearing**.  On _____2013, at _____, this Court will hold a

14   Fairness Hearing to determine whether the Agreement should be finally approved as fair,

15   reasonable, and adequate.   All papers supporting Plaintiff's request for attorneys' fees and costs

16   and Class Representative's request for an incentive award must be filed no later than sixteen (16)

17   calendar days before the deadline for Class Members to object to the Settlement.   All other papers

18   supporting Final Approval of the Agreement, must be filed no later than seven (7) calendar days

19   before the Fairness Hearing.   This Court may order the Fairness Hearing to be postponed,

20   adjourned, or continued.  If that occurs, ViaSat will not be required to provide additional notice to

21   class members.

22

23   DATED:_____              _____

24   860540/SD                                        UNITED STATES DISTRICT COURT JUDGE

25

26

27

28

5.

# EXHIBIT B

### FULL NOTICE

IGOR SHVAGER, individually and on
behalf of all others similarly situated,

              Plaintiff,

    v.

VIASAT, INC. & VIASAT
COMMUNICATIONS, INC.,

              Defendants.

United States District Court for the Central
District of California

Case No. CV-12-10180-MMM (PJWx)

**NOTICE OF PENDENCY AND
SETTLEMENT OF CLASS ACTION
AND FINAL HEARING**

## NOTICE OF CLASS ACTION SETTLEMENT

**ATTENTION ALL PERSONS IN CALIFORNIA, WHO HAD TELEPHONE CALLS
WITH DEFENDANTS VIASAT, INC. AND VIASAT COMMUNICATIONS, INC.
BETWEEN JULY 1, 2012 AND [the date of entry of the Preliminary Approval Order]**

There is now pending in the United States District Court for the Central District of California
("Court") a lawsuit entitled *Shvager v. Viasat, Inc.et al., Case* No. 2:12-cv-10180-MMM-PJW
(the "Lawsuit") which involves allegations that telephone calls with ViaSat, Inc. and ViaSat
Communications, Inc. (collectively "ViaSat") were monitored and/or recorded without providing
notice that the calls may be monitored or recorded.  ViaSat has denied and continues to deny any
liability, and there has been no finding that ViaSat has violated any laws.

A Settlement has been reached.  If you meet the criteria below, you may be a member of the
Settlement Class ("Class Member") and automatically entitled to receive a monetary recovery.

## THE CLASS

You are a Class Member and a proposed class action settlement (the "Settlement") could affect
your legal rights if you are a California resident (1) who is not a customer of ViaSat and bound
to an arbitration clause with ViaSat, (2) participated in one or more inbound and/or outbound
telephone calls with employees, agents, or representatives of ViaSat between July 1, 2012 and
[the date of entry of the Preliminary Approval Order], (3) your call was recorded and/or
monitored by ViaSat, and (4) you did not receive a disclosure at the outset of the call that the
telephone call would be recorded and/or monitored  (the "Settlement Class").

## THE ACTION AND THE SETTLEMENT

This class action arose out of allegations by Representative Plaintiff Igor Shvager
("Representative Plaintiff") that ViaSat monitored and/or recorded telephone calls without
always giving notification that the call would be recorded or monitored in violation of applicable
telephone privacy and/or recording laws.  Representative Plaintiff sought fixed damages under
the applicable laws, injunctive relief, and an award of attorneys' fees and costs.

ViaSat has denied liability and disputes all allegations and claims set forth in the Lawsuit. ViaSat has advanced defenses to all claims by the Representative Plaintiff. However, the parties have nonetheless determined that it is their best interests to settle the Lawsuit to avoid the burden, expense, and uncertainty of further litigation.

Without admitting liability, Two Hundred and Ten Thousand Dollars ($210,000) will be paid into a non-reversionary Common Fund to settle the case (the "Settlement Amount.") Subject to approval by the Court, the Settlement Amount will be automatically distributed to all Class Members:

(i)     for whom ViaSat is able to identify a U.S. postal mailing address in its internal records, or through a "reverse lookup" based on available phone numbers in its records, without *any* proof of claim requirement ("Direct Notice" Class Members), or

(ii)    for whom ViaSat is able to identify an email address and who provide a mailing address in response to the Email Notice ("Email Notice" Class Members") by email or letter postmarked no later than [sixty (60) calendar days after the deadline to provide notice under the Agreement], or

(iii)   other Class Members who *did not* receive the Direct Notice or Email Notice, but otherwise demonstrate their eligibility as discussed further in the process below by email or letter postmarked no later than [sixty (60) calendar days after the deadline to provide notice under the Agreement].

ViaSat shall make a one-time, pro rata distribution of the Settlement Amount to each Class Member. Payment will be made by checks and mailed to the Class Member's mailing address. Further details about allocation of the settlement proceeds are set forth in the Settlement Agreement and Release, accessible online at [www._____] or by requesting a copy from the Settlement Administrator.

Any unclaimed or uncashed funds will be paid to and distributed to the University of California, Berkeley Center for Law & Technology – Information Privacy Programs which is a non-profit organization qualified under 501(c)(3) of the Internal Revenue Code.

Moreover, as part of the Settlement, ViaSat agrees to comply with California Penal Code sections 632 and 632.7 by providing notice prior to recording or monitoring of customer service telephone calls. In no event shall ViaSat be held to a standard more restrictive than required by California law.

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who do not validly and timely request to be excluded from the proposed Settlement, shall be subject to a binding judgment in favor of the Defendants. All such Class Members shall be forever barred from prosecuting their own lawsuits and shall be deemed to have released Defendants and their agents from all claims, causes of action or losses of any kind whatsoever relating to any and all alleged violations of California Penal Code sections 632 and

2

632.7 (including all subsections) and all other claims related to the alleged recording and/or monitoring of telephone calls made to or from Class Members. The Settlement Agreement, available online at [www._____] or by requesting a copy from the Settlement Administrator, contains the full terms of the release.

## HOW TO MAKE A CLAIM IF YOU DID NOT RECEIVE THE DIRECT NOTICE IN THE U.S. MAIL OR EMAIL NOTICE OF THE SETTLEMENT

As explained above, if you did not receive the Direct Notice or Email Notice of the Settlement, but nonetheless believe that you are a Class Member, you must send a letter to the Settlement Administrator at [Settlement Administrator postal address] or email to the Settlement Administrator at [Settlement Administrator email address] which includes: (a) the name of the Action, "*Shvager v. ViaSat, Inc. et al.*"; (b) your  full name and address; (c) the relevant current and/or past telephone number from which you participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of ViaSat; and (d) a statement that you believe that you are a Class Member of the Settlement Class as defined above. ViaSat may verify that (1) the information set forth in the Claim of Eligibility is accurate; and (2) that you are a Class Member.

To be entitled to receive a Payment, Class Members must submit this communication to the Settlement Administrator by no later than [sixty (60) calendar days after the deadline to provide notice under the Agreement.] The delivery date is deemed to be the date (a) the Claim of Eligibility is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. Mail, or (b) in the case of submission electronically, the date the Settlement Administrator receives the Claim of Eligibility, as evidenced by the transmission receipt.

**It is highly recommended that you retain proof of submitting your Claim of Eligibility.**

If you choose to participate in the Settlement by submitting a Claim of Eligibility, you will be bound by all of the provisions of the Settlement Agreement and Release, including a full release of claims that will prevent you from separately suing ViaSat and its agents for the claims asserted in the Lawsuit.

**If you move during the pendency of the Lawsuit, please contact the Settlement Administrator to update your address.**

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You have the right to exclude yourself from the Settlement Class and the Settlement.  If you wish to be excluded, you must complete and send a written Request for Exclusion, containing (1) the name of the Lawsuit, "*Shvager v ViaSat, Inc. et al*"; (2) your name; (3) your address; (4) your telephone number; and (5) a statement that you are a Class Member but wish to be excluded from the *ViaSat* settlement, sent by U.S. Mail and postmarked no later than [sixty (60) calendar days after the deadline to provide notice under the Agreement] to the Settlement Administrator at [Settlement Administrator postal address].

If you timely and validly request exclusion from the Settlement Class, you will be excluded from

3

the Settlement Class, you will receive no portion of the Settlement Amount and you will not be
bound by the Judgment entered in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

If you have not requested exclusion from the Settlement Class and wish to object to the
Settlement, you must file a written objection with the Court, and serve such objection upon Class
Counsel and Defense Counsel at the addresses set forth below.  Any written objections must
include: (a) the name of the Lawsuit, "*Shvager v .ViaSat, Inc. et al*"; (b) the full name, address
and telephone number of the person objecting; (c) a statement that the person is a Class Member;
(d) a statement of each objection; (e) a written brief detailing the specific reasons, if any, for
each objection, including any legal and factual support the objector wishes to bring to the Court's
attention and any evidence the objector wishes to introduce in support of the objection(s); and (f)
the objector's signature under penalty of perjury.  If your objection is rejected or overruled, you
will be bound by the Final Judgment as if you had not objected.

To be considered, the objection papers must be received by the Court and delivered or
postmarked to Class Counsel and Defendant's Counsel no later than [sixty (60) calendar days
after the deadline to provide notice under the Agreement] as follows:

| Court: | Class Counsel: | Defense Counsel: |
|---|---|---|
| Clerk of the Court | Zev B. Zysman, Esq. | Whitty Somvichian, Esq. |
| Royball Federal Building | Law Offices of Zev B. | Cooley, LLP |
| United States District Court | Zysman, APC | 101 California Street, 5th Floor |
| Central District of California | 15760 Ventura Boulevard, | San Francisco, CA  94111 |
| 255 East Temple Street | Suite 1915 | |
| Los Angeles, CA 90012 | Encino, CA  91436 | |

**Class Members who do not timely make their objections in this manner will be deemed to
have waived all objections and will not be entitled to be heard at the settlement approval
hearing**.  You may, but need not, file and serve your objection through counsel of your choice.
If you do, you will be responsible for your personal attorneys' fees and costs.  Class Counsel will
file with the Court and post on the Settlement Website at [www._____] its motion for
attorneys' fees and costs sixteen calendar days prior to [sixty (60) calendar days after the
deadline to provide notice under the Agreement].

If you file and serve a written objection, you may appear at the Final Fairness and Approval
Hearing, either in person or through personal counsel hired at your expense, to object to the
Agreement.  However, if you, or your attorney, intend to make an appearance at the Final
Fairness and Approval Hearing, you must also deliver to Class Counsel and Defense Counsel,
and file with the Court, a Notice of Intention to Appear no later than [sixty (60) calendar days
after the deadline to provide notice under the Agreement].

## TAKING NO ACTION

If you take no action, you will not receive any portion of the Settlement Amount if ViaSat does not have a mailing address for you in order to mail you a check, but you will still be bound by the release in the Lawsuit.  You will be forever barred from instituting an action or claim asserting any of the Released Claims, as described above and in the Settlement Agreement and Release.

## NOTICE OF COURT HEARING

The Settlement is subject to final Court approval and a hearing for that purpose has been scheduled for [_____, 2013 at _:_ 0 _.m.] before the Honorable Margaret M. Morrow in Courtroom 780 of the U.S. District Court for the Central District of California, located at the Royball Federal Building, 255 East Temple Street, Los Angeles, CA 90012 ("the Final Fairness and Approval Hearing").  The hearing may be postponed to a different date, time, or location without notice.  Please check [www._____] regularly for any updates about the Settlement generally or the hearing.  At the Final Fairness and Approval Hearing, Class Counsel will ask the Court to enter an Order finally approving the settlement and entering judgment.  Class Counsel will also apply for an award of attorneys' fees and reimbursement of costs not to exceed $150,000 for their efforts and expenses in litigating this matter on behalf of Class Members, and an incentive payment of $5,000 to the Representative Plaintiff for his services in bringing the Lawsuit on behalf of Class Members.  Both of these amounts shall be paid by ViaSat separate and in addition to the Common Fund and will not reduce the benefits available to you under the Settlement.  In addition to these amounts, ViaSat shall also separately pay all costs associated with notice and settlement administration.

## ADDITIONAL INFORMATION

This description of the action is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file including the individual terms of the settlement, you should visit during normal business hours the Clerk of the Court, U.S. District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012. The Clerk will inform you as to how to obtain the file relating to this lawsuit for inspection and copying at your own expense.  The full terms of the settlement and release, the complaint, and certain other filings are also available on the website of the Settlement Administrator at [www._____]. The Settlement Agreement and Release shall govern where there is any conflict between it and this Notice

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR WITH ANY QUESTIONS AT [Settlement Administrator postal and email address].

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION.**


Dated:[Month Day, Year]                    By: Order of the Central District of California
                                           HONORABLE MARGARET M. MORROW
                                           JUDGE OF THE U.S. DISTRICT COURT

# EXHIBIT C

### DIRECT NOTICE

## ATTENTION ALL PERSONS IN CALIFORNIA WHO HAD TELEPHONE CALLS WITH DEFENDANTS VIASAT, INC. AND VIASAT COMMUNICATIONS, INC.  BETWEEN JULY 1, 2012 AND  [the date of entry of the Preliminary Approval Order]

A lawsuit is pending in the United States District Court for the Central District of California ("Court") entitled *Shvager v. Viasat, Inc.et al., Case* No. 2:12-cv-10180-MMM-PJW (the "Lawsuit") alleging that telephone calls with ViaSat, Inc. and ViaSat Communications, Inc. (collectively "ViaSat") were monitored and/or recorded without providing notice that the calls may be monitored or recorded.  ViaSat has denied and continues to deny any liability, and there has been no finding that ViaSat has violated any laws.

A Settlement has been reached.  If you meet the criteria below, you may be a member of the Settlement Class and automatically entitled to receive a monetary recovery.  You can obtain the full class action notice, which explains the Settlement and your rights under it, by visiting [www._____] or writing the Settlement Administrator at [postal address].

## THE CLASS AND THE SETTLEMENT

You are a Class Member and a proposed class action settlement (the "Settlement") could affect your legal rights if you are a California resident (1) who is not a customer of Viasat and bound to an arbitration clause with Viasat, (2) participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of Viasat between July 1, 2012 and [the date of entry of the Preliminary Approval Order], (3) your call was recorded and/or monitored by Viasat, and (4) you did not receive a disclosure at the outset of the call that the telephone call would be recorded and/or monitored  (the "Settlement Class").

Without admitting liability, $210,000 will be paid into a non-reversionary fund to settle the case. Subject to approval by the Court, each member of the Settlement Class who receives this Direct Notice and does not request exclusion from the class shall **automatically** be entitled to a one-time, pro rata distribution of this amount in the form of a check without submitting **any** proof of claim. The actual amount received by each Class Member will depend on the number of eligible class members.  Any unclaimed or uncashed funds will be given to the University of California, Berkeley Center for Law & Technology.  ViaSat also agrees to comply with California Penal Code sections 632 and 632.7.

## WHAT ARE MY OTHER OPTIONS

If you do not wish to be bound by the proposed Settlement, you must exclude yourself as described in the full notice, by  [sixty (60) calendar days after the deadline to provide notice under the Agreement], or you will be barred from prosecuting any legal action against ViaSat related to settled claims.  If you exclude yourself, you will not receive compensation under the Settlement.

You may object to the proposed settlement as described in the full notice, by [sixty (60) calendar days after the deadline to provide notice under the Agreement].

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final binding judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class.   The Court will hold a hearing in this case on [_____, 2013 at _:__ .m.], in Courtroom 780, 255 East Temple Street, Los Angeles, CA 90012, to consider whether to grant final approval to the proposed Settlement, including a request for attorneys' fees, costs in an amount not to exceed $150,000, and an incentive payment up to $5,000.  These amounts will not reduce the benefits available to you under the Settlement.   Please check [www._____] regularly for any updates about the Settlement or the hearing.

863653/SD

EXHIBIT D

EMAIL NOTICE

To: <<class member email address>>
From: Settlement Administrator
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

---

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT *SHVAGER V.* VIASAT, INC. & VIASAT COMMUNICATIONS, INC., UNITED STATES DISTRICT COURT , CENTRAL DISTRICT  CASE NO. 2:12-cv-10180-MMM-PJW

---

**You Are Receiving This Email Because You Have Been Identified As A Person Who Participated In A Telephone Conversation Which Was Recorded And/Or Monitored By ViaSat, Inc and ViaSat Communications, Inc. Between July 1, 2012 And [the date of entry of the Preliminary Approval Order]**

**A Court Authorized This Notice.  This Is Not A Solicitation From A Lawyer**

**Why did I get this notice?** A Settlement has been proposed in a class action lawsuit pending in the United States District Court for the Central District of California ("Court") entitled *Shvager v. Viasat, Inc.et al., Case* No. 2:12-cv-10180-MMM-PJW (the "Lawsuit").   According to available records, you are a "Class Member."  The purpose of this notice is to inform you of the Lawsuit and the Settlement so that you  may decide what steps to take in relation to it.

**What is the Lawsuit about?** The Lawsuit was filed against ViaSat, Inc. and ViaSat Communications, Inc. (collectively "ViaSat") alleging that telephone calls were monitored and/or recorded by ViaSat without first providing notice that the calls may be monitored or recorded. ViaSat has denied and continues to deny any liability, and there has been no finding that ViaSat has violated any laws.

**Am I a Class Member?**  You are receiving this email because you have been identified as a person who meets the criteria below, are a member of the Settlement Class and automatically entitled to receive a monetary recovery, as long as you provide a U.S. Postal mailing address, as discussed below.  Specifically, according to ViaSat's records, you are a California resident (1) who is not a customer of Viasat and bound to an arbitration clause with Viasat, (2) participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of Viasat between July 1, 2012 and [the date of entry of the Preliminary Approval Order], (3) your call was recorded and/or monitored by Viasat, and (4) you did not receive a disclosure at the outset of the call that the telephone call would be recorded and/or monitored  (the "Settlement Class").

**What relief does the Settlement provide?**  ViaSat has agreed to pay Two Hundred and Ten Thousand Dollars ($210,000) into a non-reversionary Common Fund to settle the case (the "Settlement Amount.")  Subject to approval by the Court, each member of the Settlement Class who receives this Email Notice, provides a mailing address in response, and does not request exclusion from the class will automatically be entitled to a one-time, pro rata distribution of the Settlement Amount in the form of a check without submitting **any** proof of claim. The actual amount received by each Class Member will depend on the number of eligible class members. Any unclaimed or uncashed funds will be given to the University of California, Berkeley Center for Law & Technology – Information Privacy Programs.

Moreover, as part of the Settlement, ViaSat has agreed that it will not record and/or monitor customer service telephone calls with callers without providing notice of recording and/or monitoring to those callers.

**What do I need do to receive a monetary payment?**  In order to receive a payment, you must simply send a letter or postcard to the Settlement Administrator at [Settlement Administrator postal address] or by email to the Settlement Administrator at [Settlement Administrator email address], no later than [sixty (60) calendar days after the deadline for notice] which includes (1) the name of the Lawsuit "*Shvager v. ViaSat, Inc. et al.*" and (b) your U.S. Postal mailing address. The delivery date is deemed to be the date (a) the letter is deposited in the U.S. Mail as evidenced by the postmark, or (b) in the case of submission by email, the date the Settlement Administrator receives the email, as evidenced by the transmission receipt.

Your mailing address is required in order to process the mailing of a check to you.  If you do not send a letter or email with your mailing address, the Settlement Administrator will **not** be able to mail you a check, and accordingly, you will **not** receive any monetary payment.  Nothing further is required from you in order to receive your check.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by **[sixty (60) calendar days after the deadline for notice]**, 2013, or you won't be able to sue ViaSat about the legal claims in the Lawsuit.  If you exclude yourself, you can't receive a monetary benefit from this Settlement.  If you stay in the Settlement, you may object to it by **[sixty (60) calendar days after the deadline for notice]**.  The detailed Full Notice explains how to exclude yourself or object.  The Court will hold a hearing on [_____, 2013 at __:__ .m.], in Courtroom 780, located at the Royball Federal Building, 255 East Temple Street, Los Angeles, CA 90012, to consider whether to approve the Settlement and a request by the lawyers representing the Class (Law Offices of Zev B. Zysman, APC) in an amount not to exceed $150,000 in attorneys' fees and costs, and an incentive payment of $5,000 to the Representative Plaintiff.  These amounts will be paid separate and apart from the Common Fund and will **not** reduce the benefits available to you under the Settlement.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement and its status, to view the Settlement Agreement, Full Notice, related Court documents, and to learn more about how to exercise your various options under the Settlement, please visit [www._____].  If your web-browser is preventing the hyperlink in this paragraph from working, enter the URL address manually into your browser.  You may also write to the Settlement Administrator at [Settlement Administrator postal address] or contact the Settlement Administrator at [Settlement Administrator email address].

864824/SD

2

# EXHIBIT E

### PUBLICATION NOTICE

## LEGAL NOTICE

**If you had telephone calls with Viasat, Inc. and Viasat Communications, Inc. between July 1, 2012 and [the date of entry of the Preliminary Approval Order] and you did not receive a disclosure at the outset that the telephone call would be recorded and/or monitored, you could get benefits from a class action settlement.**

### WHAT'S THIS ABOUT?

A settlement has been proposed in a class action lawsuit, *Shvager v. Viasat, Inc.et al.*, *Case* No. 2:12-cv-10180-MMM-PJW (the "Lawsuit") which involves allegations that telephone calls with ViaSat, Inc. and ViaSat Communications, Inc. (collectively "ViaSat") were monitored and/or recorded without providing notice that the calls may be monitored or recorded. ViaSat has denied and continues to deny any liability, and there has been no finding that ViaSat has violated any laws. The Court authorized this notice. The Court will have a hearing to consider whether to approve the class action settlement (the "Settlement"), so that the benefits may be distributed.

### WHO'S INCLUDED?

You are a Class Member and the Settlement could affect your legal rights if you are a California resident (1) who is not a customer of ViaSat and bound to an arbitration clause with ViaSat, (2) participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of ViaSat between July 1, 2012 and [the date of entry of the Preliminary Approval Order], (3) your call was recorded and/or monitored by ViaSat, and (4) you did not receive a disclosure at the outset of the call that the telephone call would be recorded and/or monitored. If you are still not sure you are included, you can write the Settlement Administrator for free help at the address listed below.

### WHAT DOES THE SETTLEMENT PROVIDE AND HOW DO YOU REQUEST A SETTLEMENT BENEFIT?

Viasat has agreed to cease recording or monitoring customer service calls without providing notice. Also, $210,000 will be paid into a non-reversionary Common Fund to settle the case. Subject to approval by the Court, this amount will be automatically distributed to all Class Members: (i) for whom ViaSat is able to identify a U.S. postal mailing address in its internal records without *any* proof of claim requirement; or (ii) for whom ViaSat is able to identify an email address and who provide a mailing address in response to the Email Notice by [sixty (60) calendar days after the deadline to provide notice under the Agreement], or (iii) other Class Members who demonstrate their eligibility by sending a letter or email to the Settlement Administrator which includes: (a) the name of the Action, "*Shvager v. ViaSat, Inc. et al.*"; (b) their full name and address; (c) the relevant current and/or past telephone number from which they participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of ViaSat; and (d) a statement that they believe that they are a Class Member by [sixty (60) calendar days after the deadline to provide notice under the Agreement]. Viasat will make a one-time, pro rata distribution to each Class Member from the Common Fund. Any unclaimed or uncashed funds will be given to the University of California, Berkeley Center for Law & Technology – Information Privacy Programs.

### WHAT ARE YOUR OTHER OPTIONS?

If you don't want a payment and you don't want to be legally bound by the settlement, you must exclude yourself by [sixty (60) calendar days after the deadline to provide notice under the Agreement], or you won't be able to sue, or continue to sue, Viasat about the legal claims in this case. If you exclude yourself, you can't get a payment from this settlement. If you stay in the Class, you may object to the settlement by [sixty (60) calendar days after the deadline to provide notice under the Agreement]. The detailed notice available at [website] describes how to exclude yourself or object. The Court will hold a hearing in this case (*Shvager v. Viasat, Inc.et al., Case* No. 2:12-cv-10180-MMM-PJW) on [Fairness Hearing Date], to consider whether to approve the settlement and attorneys' fees and expenses totaling no more than $150,000, and an incentive payment of $5,000 to the Representative Plaintiff. These amounts will not reduce the benefits available to you under the settlement. You may appear at the hearing, but you don't have to. The hearing may be postponed to a different date or time or location without notice. Please check

## www.[settlement website].com

[www._____] regularly for any updates and details about the Settlement generally or the Fairness Hearing

specifically, or write to the Settlement Administrator: [postal address]

864755 v3/SD

EXHIBIT F

[PROPOSED] FINAL ORDER

1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                       CENTRAL DISTRICT OF CALIFORNIA

11                            WESTERN DIVISION

12

13 IGOR SHVAGER, individually and on behalf of all others similarly situated, | Case No.  CV12-10180 MMM-PJW

14                       **[PROPOSED] FINAL ORDER**

15               Plaintiff,

16       v.

17 VIASAT, INC. & VIASAT COMMUNICATIONS, INC.,

18            Defendants.

19

20

21

22

23       On _____, 2013, this Court heard plaintiff Igor Shvager's ("Plaintiff") unopposed

24 motion for final approval of the class action settlement.  This Court reviewed: (a) the motion and

25 the supporting papers, including the Settlement Agreement and Release ("Agreement"); (b) any

26 objections filed with or presented to the Court; (c) the parties' responses to any objections; and

27 (d) counsels' arguments.  Based of this review and the findings below, the Court found good

28 cause to grant the motion.

1.

**FINDINGS:**

1.      Unless otherwise specified, defined terms in this Final Order and Judgment have the same definition as the terms in the Agreement.

2.      The Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3.      The Parties adequately performed their obligations under the Agreement.

4.      Defendants ViaSat, Inc. and ViaSat Communications, Inc.   ("ViaSat" or "Defendants"), provided notice to Class Members in compliance with this Court's Preliminary Approval and Provisional Class Certification Order, paragraph 3.3 of the Agreement, due process, and Rule 23(e) of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the final fairness hearing.

5.      For the reasons stated at the hearing on _____, 2013 and in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

6.      Upon review of the record, the Court hereby finds that the terms and provisions of the Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.  The Court also finds that approval of the Agreement is supported by the fact that Plaintiffs have sufficient

2.

1  information to settle the action, counsel for the parties are experienced and support the

2  settlement, and that the monetary and non-monetary terms of the Settlement reflect substantial

3  benefits to the Class.

4         **7.**     The Court further finds that extensive arm's-length negotiations have taken place,

5  in good faith, between Class Counsel and ViaSat's Counsel resulting in the Agreement.

6         **8.**     An award of $_____$ in attorneys' fees and costs to Class

7  Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and

8  efforts in prosecuting this Action, and the benefits obtained for the Class.

9         **9.**     An incentive award to Plaintiff Igor Shvager of $_____$ is fair

10  and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in

11  commencing this action as the class representative; (b) the time and effort spent by Plaintiff in

12  litigating this action as the class representative; and (c) Plaintiff's public interest service.

13  **IT IS ORDERED THAT:**

14         **1.**     **Class Members**.  The Class Members are defined as:

15               All California residents (1) who are not customers of Defendants and bound to an arbitration clause with Defendants, (2) who participated in one or more inbound and/or outbound telephone calls with employees, agents, or representatives of Defendants between July 1, 2012 and [the date of entry of the Preliminary Approval Order], (3) whose calls were recorded and/or monitored by Defendants, and (4) who did not receive a disclosure at the outset of the call that the telephone call would be recorded and/or monitored.

20         **2.**     **Binding Effect of Order**.  This order applies to all claims or causes of action

21  settled under the Agreement, and binds all class members, including those who did not properly

22  request exclusion under paragraph 6 of the Preliminary Approval and Provisional Class

23  Certification Order.  This order does not bind persons who filed timely and valid requests for

24  exclusions. Attached as Exhibit A is a list of persons who properly requested to be excluded from

25  the Settlement.

26         **3.**     **Objections**. All objections to the Agreement are hereby overruled.

27         **4.**     **Release**.  Plaintiff and all Class Members who did not properly request exclusion

28  are: (1) deemed to have released and discharged ViaSat from all claims arising out of or asserted

3.

1   in this Action and claims released under the Agreement; and (2) barred and permanently enjoined

2   from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full

3   terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the

4   Agreement.

5      **5.     Class Relief**.  Defendants will distribute the Settlement Amount to all Class

6   Members (i) for whom ViaSat is able to identify a U.S. postal mailing address in its internal

7   records or through a "reverse lookup" based on available phone numbers in its records without

8   any proof of claim requirement, or, (ii) for whom ViaSat is able to identify an email address and

9   who provides a mailing address in response to the Email Notice, as provided in paragraph 3.3(d)

10  of the Agreement, and (iii) other Class Members who demonstrate their eligibility as provided in

11  paragraph 3.5 of the Agreement.  ViaSat shall make a one-time, pro rata distribution of the

12  Settlement Amount to the foregoing Class Members, as provided in paragraph 2.2 of the

13  Agreement.

14     **6.     Attorney's Fees and Costs**.  Class Counsel is awarded $_____

15  in fees and costs.  ViaSat must pay Class Counsel this amount according to the timeline set forth

16  in paragraph 2.4 of the Agreement.

17     **7.     Calculation of Attorneys' Fees and Costs**.  The Court used the lodestar method

18  to calculate the attorneys' fees award.  Using the lodestar method, the Court finds that Class

19  Counsel's hours and expenses were reasonable.  The Court has considered the appropriate factors

20  to determine that a multiplier is appropriate.  The Court calculates a multiplier of __.__ by

21  dividing the total award ($_____) by the lodestar figure ($_____).

22     **8.     Incentive Award**.  Plaintiff Igor Shvager is awarded $_____ as

23  an incentive award.  Viasat must pay Plaintiff this amount according to the timeline set forth in

24  paragraph 2.5 of the Agreement.

4.

**[PROPOSED] FINAL ORDER**

1      **9.     No Admission of Wrongdoing.**   ViaSat has denied any liability, fault, or

2   wrongdoing of any kind in connection with the allegations in this action, and as such, neither this

3   Order, the Agreement, nor any of its terms or provisions, nor any of the negotiations or

4   proceedings connected with it, shall be construed as an admission or concession by ViaSat of the

5   truth of any of Plaintiff's allegations, or of any liability, fault or wrongdoing of any kind.

6      **10.    Dismissal of Action**.  This Action, including all of the individual and class claims

7   included therein, is hereby dismissed on the merits and with prejudice.  The Clerk of the Court is

8   instructed to close the file for this Action.

9      **11.    Judgment.**  The Court finds that there is no reason for delay and directs the Clerk to

10   enter judgment in accordance with the terms of this Order as of the date of this Order.

11     **12.    Court's Jurisdiction.**   Without affecting the finality of the dismissal or the

12   Judgment, pursuant to the Parties' request, the Court will retain jurisdiction over this Action and

13   the Parties until final performance of the Settlement Agreement including supervising the

14   distribution of the Settlement Amount, as set forth in paragraph 2.2 of the Agreement, and any *cy*

15   *pres* award with respect to any unclaimed or uncashed funds to the University of California,

16   Berkeley Center for Law & Technology – Information Privacy Programs which is a non-profit

17   organization qualified under IRC §501(c)(3), as set forth in paragraph 2.3 of the Agreement.

18

19   DATED:_____      _____

20                                      JUDGE OF THE SUPERIOR COURT

21   860572/SD

22

23

24

25

26

27

28

**[PROPOSED] FINAL ORDER**

EXHIBIT G

[PROPOSED] FINAL JUDGMENT

858477 /SD

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                               WESTERN DIVISION

11

12   IGOR SHVAGER, individually and on        Case No.  CV12-10180 MMM-PJW
     behalf of all others similarly situated,
13                                             **[PROPOSED] FINAL JUDGMENT**
                      Plaintiff,
14
           v.
15
     VIASAT, INC. & VIASAT
16   COMMUNICATIONS, INC.,

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**IT IS HEREBY ADJUDGED AND DECREED THAT:**

4
    **1.**    In the Final Order Approving Class Action Settlement, the Court granted final

5
certification, for purposes of settlement only, of a Class pursuant to Federal Rule of Civil

6
Procedure 23(b)(3), defined as: "All California residents (1) who are not customers of Defendants

7
and bound to an arbitration clause with Defendants, (2) who participated in one or more inbound

8
and/or outbound telephone calls with employees, agents, or representatives of Defendants

9
between July 1, 2012 and [the date of entry of the Preliminary Approval Order], (3) whose calls

10
were recorded and/or monitored by Defendants, and (4) who did not receive a disclosure at the

11
outset of the call that the telephone call would be recorded and/or monitored."

12
    **2.**    In the Final Order Approving Class Action Settlement, the Court found that notice

13
of the Settlement Agreement and Release ("Settlement Agreement") was provided to each Class

14
Member in compliance with this Court's Preliminary Approval and Provisional Class

15
Certification Order, paragraph 3.3 of the Agreement, due process, and Rule 23(e) of the Federal

16
Rules of Civil Procedure.

17
    **3.**    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons who satisfy the

18
class definition above are "Class Members". However, persons who timely filed valid requests

19
for exclusion are not Class Members. The list of excluded persons is attached hereto as Exhibit 1.

20
    **4.**    The Law Offices of Zev B. Zysman, APC ("Class Counsel") is awarded

21
$_____ (total) in fees and costs.

22
    **5.**    Plaintiff Igor Shvager ("Plaintiff") is awarded $_____ as an

23
incentive award.

24
    **6.**    Viasat, Inc. and ViaSat Communications, Inc. ("ViaSat" or "Defendants") will

25
distribute the Settlement Amount to all Class Members (i) for whom ViaSat is able to identify a

26
U.S. postal mailing address in its internal records or through a "reverse lookup" based on

27
available phone numbers in its records without any proof of claim requirement or, (ii) for whom

28
ViaSat is able to identify an email address and who provides a mailing address in response to the

[PROPOSED] FINAL JUDGMENT            2.

1     Email Notice, as provided in paragraph 3.3(d) of the Agreement, and (iii) other Class Members

2     who demonstrate their eligibility as provided in paragraph 3.5 of the Agreement.  ViaSat shall

3     make a one-time, pro rata distribution of the Settlement Amount to the foregoing Class Members,

4     as provided in paragraph 2.2 of the Agreement.

5         **7.**     All Class Members who have not timely and validly filed requests for exclusion

6     are bound by the instant Final Judgment, by the Final Order Approving Class Action Settlement

7     and by the terms of the Settlement Agreement, including the release of claims described in the

8     Settlement Agreement.  Plaintiffs and Class Members are hereby permanently barred from

9     prosecuting any of the claims released in the Settlement Agreement.

10        **8.**     The Court hereby dismisses the action with prejudice.

11        **9.**     Without affecting the finality of this Final Judgment, the Court reserves

12     jurisdiction over the implementation, administration and enforcement of this Final Judgment and

13     the Settlement Agreement, and all matters ancillary thereto.

14

15     **NOW, THEREFORE,** the Court, finding that no reason exists for delay, hereby directs

16     the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

17

18

19

20 DATED:_____     _____

                                                  UNITED STATES DISTRICT COURT JUDGE

21

22

23     860664/SD

24

25

26

27

28