JS-6

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           CENTRAL DISTRICT OF CALIFORNIA

10                                 WESTERN DIVISION

11

12   IGOR SHVAGER, individually and on        Case No.  CV12-10180 MMM-PJW
     behalf of all others similarly situated,
13                                             [PROPOSED] FINAL JUDGMENT
                    Plaintiff,
14
            v.
15
     VIASAT, INC. & VIASAT
16   COMMUNICATIONS, INC.,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

The Settlement Agreement and Release ("Settlement Agreement") entered into on September 6, 2013 between plaintiffs and defendants in the above-captioned class action was presented at the final fairness hearing on March 10, 2014, pursuant to the preliminary approval order entered on October 11, 2013.  On March 10, 2014, the court entered an order finally approving the parties' settlement of this action ("Final Order Approving Class Action Settlement") and awarding attorneys' fees, costs, and an incentive award.  Accordingly,

**IT IS HEREBY ADJUDGED AND DECREED THAT:**

1.      This Judgment incorporates by reference the definitions in the Settlement Agreement.

2.      This Court approves the terms of the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class.  In arriving at this conclusion, the Court has considered:

(a)     The strength of the Class Members' case;

(b)     The risk, expense, complexity, and likely duration of further litigation;

(c)     The risk of maintaining class action status throughout the trial;

(d)     The amount offered in Settlement;

(e)     The extent of discovery completed and the stage of the proceedings;

(f)     The experience and views of counsel;

(g)     The presence of a government participant; and

(h)     The reaction of the Class Members to the proposed Settlement.

3.      In the Final Order Approving Class Action Settlement (Dkt. No. 37), the Court granted final certification, for purposes of settlement only, of a Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: "All California residents (1) who are not customers of Defendants and bound to an arbitration clause with Defendants, (2) who participated in one or

more inbound and/or outbound telephone calls with employees, agents, or representatives of Defendants between July 1, 2012 and October 11, 2013, (3) whose calls were recorded and/or monitored by Defendants, and (4) who did not receive a disclosure at the outset of the call that the telephone call would be recorded and/or monitored."

**4.** In the Final Order Approving Class Action Settlement, the Court found that notice of the Settlement Agreement was provided to each Class Member in compliance with this Court's Preliminary Approval and Provisional Class Certification Order, paragraph 3.3 of the Agreement, due process, and Rule 23(e) of the Federal Rules of Civil Procedure.

**5.** Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons who satisfy the class definition above are "Class Members." No persons timely filed valid objections to the Class Action Settlement or requests for exclusion from the Class.

**6.** Pursuant to Rule 23(a), the court appoints plaintiff Igor Shvager ("Plaintiff") as class representative.

**7.** Pursuant to Rule 23(g)(1), the court appoints the Law Offices of Zev B. Zysman, APC ("Class Counsel") as Class Counsel.

**8.** Class Counsel is awarded $148,399.50 in attorneys' fees and $1,534.95 in costs, for a total award of $149,934.45. The court finds these amounts reasonable.

**9.** Plaintiff is awarded $5,000 as an incentive award. The court finds this amount reasonable.

**10.** Viasat, Inc. and ViaSat Communications, Inc. ("ViaSat" or "Defendants") will distribute the Settlement Amount to all Class Members (i) for whom ViaSat was able to identify a valid U.S. postal mailing address in its internal records or through a "reverse lookup" based on available phone numbers in its records without any proof of claim requirement, or, (ii) for whom ViaSat was able to identify an email address and who provided a mailing address in response to

the Email Notice, as provided in paragraph 3.3(d) of the Settlement Agreement, and (iii) other Class Members who demonstrated their eligibility as provided in paragraph 3.5 of the Agreement. ViaSat shall make a one-time, pro rata distribution of the Settlement Amount to the foregoing Class Members, as provided in paragraph 2.2 of the Settlement Agreement.

11.     All Class Members who have not timely and validly filed requests for exclusion are bound by the instant Final Judgment, by the Final Order Approving Class Action Settlement and by the terms of the Settlement Agreement, including the release of claims described in the Settlement Agreement.   Plaintiff and Class Members are hereby permanently barred from prosecuting any of the claims released in the Settlement Agreement.

12.     The Court hereby dismisses the action with prejudice.

13.     Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Settlement Agreement, and all matters ancillary thereto.


**NOW, THEREFORE,** the Court, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.


DATED: March 25, 2014

UNITED STATES DISTRICT COURT JUDGE